942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Kidder BARR, Defendant-Appellant.
 No. 90-10574.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1991.*
Decided Aug. 30, 1991.
 
 1
 Before CHAMBERS and SNEED, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is a direct appeal of a drug conviction in which the DEA discovered evidence upon questioning the defendant and examining his luggage at an airport terminal. He appeals the district court's denial of his motion to suppress the evidence. We affirm.
 
 I.
 FACTS
 
 4
 On April 17, 1990, two Drug Enforcement Agency (DEA) agents in civilian clothes observed the defendant arriving at the Honolulu airport on a flight from Los Angeles. The agents were at the airport to conduct random stops of travellers, a practice the DEA follows frequently. The government stipulated that the agents had no articulable reason for approaching the defendant.
 
 
 5
 One of the agents approached the defendant from behind, displayed his credentials, identified himself as a federal agent, and asked if he could speak to the defendant for a moment. The defendant said, "Yes" and then stopped and turned to face the agent. After examining and then returning to defendant his airline ticket and drivers license, the agent asked defendant if he was carrying any narcotics. The defendant replied, "No." The agent then asked for permission to search the nylon bag slung over the defendant's shoulder. The defendant placed the bag on the bench and said, "Yes, you may search it."
 
 
 6
 The agent searched through the bag and found a square package, eight inches by eight inches, which was sealed and taped. The agent asked the defendant, "What is this?" When the defendant did not answer, the agent asked him if the bag contained cocaine. The defendant replied, "Yes." The agent then arrested him. In due course, the defendant entered a conditional plea of guilty, reserving the right to appeal the refusal of the district court to suppress the evidence of cocaine in the nylon bag. Defendant was sentenced to five years in prison.
 
 II.
 DISCUSSION
 
 7
 This court has jurisdiction to review final orders of the district court pursuant to 28 U.S.C. § 1291 (1988). We review the district court's finding that the interview and the search were consensual under the clearly erroneous standard. See United States v. Shaibu, 920 F.2d 1423, 1425 (9th Cir.1990); United States v. Erwin, 803 F.2d 1505, 1508 (9th Cir.1986).
 
 
 8
 Defendant first contends that his encounter with the police in the airport was not consensual and that it constituted a seizure without a warrant in violation of the Fourth Amendment. This claim is meritless. The Supreme Court has recently made clear that the police practice of questioning individuals without articulable suspicion in places of public transportation[1] is constitutionally permissible. See Florida v. Bostick, 59 U.S.L.W. 4708, 4711 (U.S. June 20, 1991). Under Bostick, no Fourth Amendment seizure occurs when police officers approach individuals at random or without articulable suspicion as long as a reasonable person would understand that he could refuse to cooperate. See id.; see also Immigration & Naturalization Serv. v. Delgado, 466 U.S. 210, 219 (1984) (finding no seizure even though INS officials questioned all workers at factory without reasonable suspicion directed at any individual). The Court specifically noted that no seizure occurs when the police ask questions, ask to examine a person's identification, or request to search his baggage, as long as the officers do not convey a message that compliance with their requests is required. Bostick, 59 U.S.L.W. at 4710-11.
 
 
 9
 In determining whether a reasonable person would feel free to terminate an encounter with the police, we examine all the circumstances of the encounter. Id. at 4710 (citing Michigan v. Chesternut, 486 U.S. 567, 569 (1988)). The facts of this case indicate that the encounter at the airport was consensual rather than coercive and that the district court's finding to that effect was therefore not erroneous. The officers essentially asked the defendant if he would talk to them, asked to see his identification and ticket, and then asked to inspect his luggage. The officers did not impede his progress, threaten or intimidate him, or retain his papers while they asked to search his luggage. There is, in short, nothing peculiar about this encounter. When compared to other encounters upheld by the Supreme Court and this court, there is no indication that a reasonable person would not have felt free to terminate the encounter.
 
 
 10
 Defendant nonetheless urges us to adopt a per se standard of consent, whereby a person will not be deemed to consent to questioning or to a search unless first advised by police that he can refuse to answer. We decline to create such a rule. Such advice would be an indicium of consent should the person then proceed to cooperate. But it is not an indispensable indicium. Voluntariness can exist in its absence. See United States v. Mendenhall, 446 U.S. 544, 555 (1980). Bostick does not impose an affirmative duty on officers to inform a person of his right not to cooperate, but only a negative duty not to convey a message that compliance is required. Bostick, 59 U.S.L.W. at 4710-11.
 
 
 11
 There having been no Fourth Amendment violation in defendant's encounter with the police, we also reject defendant's Fifth Amendment claim that the police practice in question constituted outrageous government conduct. Bostick makes clear that such a practice is perfectly acceptable as long as a reasonable person would feel free to refuse cooperation. It therefore does not constitute a violation under the Fifth Amendment; nor, in light of this fact, would it be proper for us to exercise our supervisory powers to prohibit the practice, as defendant urges.
 
 
 12
 The defendant's claim that the government must obtain consent to search the square package in addition to the general consent to search defendant's luggage is without merit. We follow other circuits in holding that general consent to search is sufficient. See United States v. Smith, 901 F.2d 1116, 1119 (D.C.Cir.), cert. denied, 111 S.Ct. 172 (1990); United States v. Battista, 876 F.2d 201, 207-8 (D.C.Cir.1989); United States v. Anderson, 859 F.2d 1171, 1176 (3d Cir.1988).
 
 
 13
 Finally, we reject defendant's claim that the intervening arrest "erased" the defendant's initial consent to the search so that the opening of the package to recover the drugs was in violation of the Fourth Amendment. Because defendant failed to raise this issue below, we review it under the plain error rule. We find that, regardless of any possible delay in opening the square package,[2] defendant's consent was not vitiated because he did nothing to limit his consent from the time of arrest until the square package was opened. Cf. United States v. Mines, 883 F.2d 801, 804-05 (9th Cir.1989) (consent to search something includes consent to search individual internal items unless suspect withdraws or limits his consent).
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Bostick concerned bus interviews, the Court explained that the same rules apply to encounters "on a city street or in an airport lobby." Bostick, at 4711
 
 
 [2]
 The record before us does not indicate whether there was any such delay